Filed 9/10/21  P. v. Davis CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BILLY LYN DAVIS,<br><br>    Defendant and Appellant. | 2d Crim. No. B308513<br>(Super. Ct. No. CR42412B)<br>(Ventura County) |

Billy Lyn Davis appeals an order denying his petition for relief under Penal Code section 1170.95.[1]  We affirm.

## FACTS

Davis was convicted of murder (§ 187, subd. (a)) with the special circumstances that the murder was committed while the defendant was engaged in kidnapping (§ 190.2, subd. (a)(17)(B)) and the murder was intentional and involved the infliction of torture (*id*., subd. (a)(18)).

---

[1] All statutory references are to the Penal Code.

Davis was convicted by a slow plea; that is, he submitted the matter on transcripts that included the testimony of 17 witnesses who testified before the grand jury and 12 witnesses who testified at the trial of his codefendant, Spencer Brasure. The trial court sentenced Davis to life without the possibility of parole for the murder with special circumstances. Davis appealed, and we affirmed. (*People v. Davis* (Nov. 22, 2000, B137098) [nonpub. opn.].)

*Section 1170.95 Petition*

Davis petitioned for relief under section 1170.95. He checked the box on the form petition stating that he was convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine. He also checked boxes stating that he was not an active participant in the murder, that he did not act with reckless indifference to human life, and that the victim was not a peace officer.

At Davis's request, the trial court took judicial notice of the entire trial court record in the underlying case, Senate Bill No. 1437, and Senate Concurrent Resolution No. 48.

The trial court appointed counsel for Davis.

The People filed opposition to Davis's petition. The People argued that the true finding on the torture special circumstances alone shows Davis is not entitled to relief, and that the record of conviction shows Davis was a major participant in the crimes and that he acted with reckless indifference to human life.

Davis waived an evidentiary hearing and submitted the matter on his pleadings.

*Ruling*

The trial court reviewed the record of conviction, including our opinion in Davis's original appeal.

The record of conviction shows that Davis and Brasure had grievances against Anthony Guest. They conspired to kidnap him. They brought Guest to Davis's house where they tortured him for hours. Davis helped transport Guest to a remote location where they murdered him and lit him on fire. Davis supplied a magnesium plate from his father's printing business to attach to Guest's head. Davis believed the plate would burn so hot that it would make it difficult to identify Guest.

The trial court found that Davis was a major participant in the crime and acted with reckless indifference to human life. The court denied Davis relief under section 1170.95.

## DISCUSSION

### I

Davis contends he should have received a hearing on major participation with reckless indifference. He also contends that he should have been allowed to challenge the special circumstances finding that he acted with the intent to kill.

Effective January 1, 2019, the Legislature amended the definition of murder to eliminate the felony murder rule and the natural and probable consequences theory of malice. (§§ 188, 189; Stats. 2018, ch. 1015, §§ 2, 3.) Thus, malice can no longer be imputed from the intent to commit some other target offense.

As part of the reform, the Legislature enacted section 1170.95. (Stats. 2018, ch. 1015, § 4.) Section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition

with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

The changes to sections 188 and 189 in the 2019 amendment include the addition of subdivision (a)(3) to section 188:

"Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd (a)(3), added by Stats. 2018, ch. 1015, § 2.)

Section 189, subdivision (e) now provides:

"(e) A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced,

4.

solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

By the terms of section 1170.95, it applies only to persons "convicted of felony murder or murder under a natural and probable consequences theory" and who "could not be convicted of first or second degree murder because of the changes made to Section 188 or 189 made effective January 1, 2019."

That does not describe Davis. His record of conviction shows he was an active participant in every phase of the kidnapping, torture, and murder of Guest. Even more definitive is that the true finding of torture special circumstances is based on a finding of intent to kill. Davis was not convicted of felony murder or murder under the natural and probable consequences theory, and the changes made to section 188 or 189 would have had no effect on his conviction.

There is nothing about the record of conviction that even arguably indicates Davis is entitled to relief under section 1170.95. Instead, the record affirmatively shows Davis is not entitled to relief. Section 1170.95 does not authorize a collateral attack on all murder convictions.

Moreover, the record shows that Davis waived an evidentiary hearing and agreed to submit the matter on his pleadings.

DISPOSITION

The judgment (order) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Ralph H. Goldsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.